## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LEE CHARLES MILLSAP, JR.
ADC #113121                                                                                           PETITIONER

VS.                                         5:09CV00311 JMM/JTR

LARRY NORRIS, Director
Arkansas Department of Correction                                                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the
   United States District Judge was not offered at the hearing before the

>     Magistrate Judge.
>
> 3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

### I.  Introduction

Petitioner, who is currently confined in the Varner Unit of the Arkansas Department of Correction, has filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and a Motion to Proceed *In Forma Pauperis*. (Docket entries #1 and 2.)  In his Petition, Petitioner raises various habeas claims challenging his 1998 conviction in Pulaski County Circuit Court for capital murder, terroristic threatening in the first degree, and battery in the second degree. (Document entry #2).  Petitioner was sentenced to life, without parole, in the Arkansas Department of Correction. (Document entry #2).

Petitioner acknowledges that he previously attacked the same conviction in a habeas action filed in the Eastern District of Arkansas. *See Millsap v. Norris*, E.D. Ark. No. 5:01CV050114 GH/JFF.  According to the docket sheet in that case, on August 31, 2001, United States District Judge George Howard dismissed the case, with prejudice. *Id.* at docket entry #10.  Petitioner did not appeal the denial of habeas relief.

Petitioner filed the current habeas action on October 13, 2009. For the reasons set forth below, the Court recommends that the Motion to Proceed *In Forma Pauperis* be denied, as moot, and that the habeas Petition be dismissed, without prejudice, so that the Petitioner may seek permission from the Eighth Circuit to file a successive habeas petition.

## II. Discussion

A claim presented in a second or successive § 2254 habeas petition must be dismissed unless the Petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination is to be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application."). Thus, in order to file a successive habeas action in this Court, Petitioner must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris,* 275 F.3d 857, 858 (8th Cir.2001)(explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be DENIED, AS MOOT.

2.   The Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #2), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from

the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

    Dated this 21st day of October, 2009.

                                                                                                 */s/ J. Thomas Ray*
                                                                 UNITED STATES MAGISTRATE JUDGE